IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| De'Von C. Walker, | ) | Case No.: 5:24-cv-05951-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| F.C.I. Bennettsville, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 23), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns the Magistrate Judge's pre-service screening of Plaintiff De'Von C. Walker's ("Plaintiff" or "Walker") Complaint under 28 U.S.C. § 1915.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Plaintiff alleges violations of his First Amendment right to petition for redress of grievances, asserting that the Defendant has failed to: provide proper forms; return copies of submitted forms; respond to grievances in a timely manner; or respond at all. (DE 1-3 at 5–6.) He also claims excessive weekend lockdowns, alleges that poor

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

water quality affected his health, and states he contracted H. pylori bacteria, receiving treatment without a proper medical evaluation. Despite treatment, Plaintiff asserts continued issues affecting his gastrointestinal system, respiratory function, and musculoskeletal health. (*Id.*)

On November 20, 2024, the Court issued an order notifying Plaintiff that the Complaint was subject to summary dismissal due to insufficient factual allegations. (DE 16.) Plaintiff was afforded until December 4, 2024, to file an amended complaint or cure the identified deficiencies. No amended complaint or response was filed.

### B. Report and Recommendation

On January 15, 2025, the Magistrate Judge issued a Report determining that Plaintiff's claims constituted a *Bivens* action, which is only cognizable against federal officials in their individual capacities. (DE 23) (citing *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (refusing to find a *Bivens* remedy against a federal agency).) Consequently, the Report recommended dismissing Plaintiff's claims against FCI Bennettsville, a federal facility not subject to *Bivens* liability. Plaintiff was provided an opportunity to amend but failed to do so. Therefore, the Magistrate Judge recommended dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

While the Court recognizes the liberal pleading standards afforded to pro se litigants under *Erickson v. Pardus*, 551 U.S. 89 (2007), the Report expressly warned that failure to timely amend the Complaint or cure the deficiencies would result in dismissal without further leave to amend. (DE 23 at 3.) Plaintiff did not comply with

that directive, although he filed a document on March 19, 2025, which the Court construes as an untimely objection. (DE 29.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Although Plaintiff's filing is not clearly articulated, the Court construes it as a grievance concerning lack of legal resources at the facility, including an inoperable copier and alleged staff refusals to provide legal assistance. (DE 29.) Plaintiff further asserts his entitlement to relief under Amendments 821 and 826–829, and 18 U.S.C. § 3582(c), referencing legislation such as the CARES Act and the Clean Slate Act. (*Id.*) He alleges ongoing constitutional violations, staff retaliation, and interference with legal mail, and he raises safety concerns while seeking immediate release.

However, these objections fail to address the substantive basis for dismissal: that FCI Bennettsville is not a proper defendant under *Bivens*. Accordingly, Plaintiff's objections are overruled.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 23) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Plaintiff's Complaint (DE 1) is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 27, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.